

PROCURADORIA-GERAL DA REPÚBLICA

GABINETE DO PROCURADOR-GERAL

U.S. Department of Justice
Criminal Division
Office of International Affairs
Washington, D.C. 20530
UNITED STATES OF AMERICA

| SUA REFERÊNCIA: | SUA COMUNICAÇÃO DE: | NOSSA REFERÊNCIA: | NOSSA COMUNICAÇÃO DE: |
|---|---|---|---|
| | | Ofº nº 22579/2012 | 2012-10-19 |
| | | Proc.2653/2012 CIMP | |

SUBJECT: Letter of Request

    I am pleased to forward herewith the Letter of Request issued by the Departamento de Investigação e Acção Penal de Lisboa, regarding "**Credit Lyonnais–Miami**" (**Luis Filipe Scolari**), asking for your kind diligence in its execution.

    Yours faithfully.

On Behalf of the Head of Office,

*(signature)*

(Joana Gomes Ferreira)

593407_1
VYM

Rua da Escola Politécnica, n.º 140 1269-269 LISBOA PORTUGAL * Telf.: 21 392 19 00 / 99 * Fax: 21 397 52 55 * E-mail: mailpgr@pgr.pt

EXHIBIT 1

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011   Fax: 213847048

> **TRANSLATION**
> Original in Portuguese
>
> PGR: Proc.º 2653/2012 – L.º CDMP
> Received: 15.10.12
> Translated: 16.10.12

**PROSECUTOR GENERAL'S OFFFICE**
*CENTRAL DEPARTMENT OF CRIMINAL INVESTIGATION
AND PROSECUTION*
**Single Section**
Rua Alexandre Herculano, 60
P – 1250-012 Lisboa
PORTUGAL

## ASSISTANCE REQUEST N.º 41/12

(Investigation no. 2/09.11IFSLB led by the
Central Department of Criminal Investigation and Prosecution in Lisbon)

### ADDRESSED TO THE UNITED STATES JUDICIAL AUTHORITIES

At the request of the Portuguese Prosecution Services, through Public Prosecutor João RAMOS, in charge of Investigation no. 2/09.11IFLSB led by the Central Department of Criminal Investigation and Prosecution, Prosecutor General's Office in Portugal.

A.   *Facts under investigation*

**On the basis of the files, there are grounds to believe that:**

1.   Under the designation "image rights" of **Luiz Felipe Scolari**, head coach of the Portuguese Soccer National Team (married, Brazilian national, holder of Passport no. CL ▮▮▮▮ issued in the Federative Republic of Brazil), a total sum of **7,425,438.59 €** has been paid between 2003 and 2008, consisting of the following instalments:

[handwritten: 7.4 mill €]

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 1 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

| | |
|---|---|
| 2003-2004: | 1,890,350.89 € |
| 2005: | 921,052.62 € |
| 2006: | 1,614,035.08 € |
| 2007: | 2,000,000.00 € |
| 2008: | 1,000,000.00 €. |

2. An amount of 133,300.00 € from the said global sum paid (7,425,438.59 €) was charged by company **Flamboyant Sports**, while the rest was charged by company Chaterella Investors Limited and transferred to a bank account held by this company with the Bank Credit Lyonnais - Miami (account no ▇▇▇).

3. **Chaterella Investors Limited** is a British law financial company with headquarters in London that works with the participation of the firm Chaterella Holdings Limited, with office in the Bahamas. **Chaterella Investors Limited** is mentioned on the signed contracts, together with the Portuguese Banks BPN and CGD, as owner of the image rights of Luís Felipe Scolari.

4. **Flamboyant Sports C.V.** is a company with headquarters in The Netherlands having signed a contract with NIKE European Operations Netherlands B.V. because, under the contract, this company also owns the image rights of Mr. Luiz Felipe SCOLARI.

5. The contract copy shows, together with fls. 217-221, Vol. 1 of the Investigation files, the signature and initials of Mr. Luiz Felipe SCOLARI. Further to his instructions, an amount of 200,000.00 € was transferred on March 1st, 2004 from his account with Bank BPN to the bank account no. ▇▇▇ held at the Credit Lyonnais Miami Agency, the beneficiary being the above referenced company.

6. From the bank accounts held by Luiz Felipe SCOLARI at BPN and CGD Banks, several money transfers have been made to his accounts with the Credit Lyonnais Miami Agency (account no. ▇▇▇) and with *Banco Santander* – Brazil (account no. ▇▇▇8).

7. Other funds were directly transferred or deposited from the bank account held by Luiz Felipe SCOLARI with the BPN Bank to a bank account held by his son, Leonardo

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 2 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

SCOLARI, with the Bank BPN. These funds were transferred, in turn, to bank accounts of which he is the beneficiary with the Credit Lyonnais Miami Agency (no. ▆▆▆▆) and with Banco Bradesco – Brazil (no. ▆▆▆▆).

8.  In this period of time (2003-2008), on November 29, 2004, Luiz Felipe SCOLARI ordered a money transfer from abroad, in which the Bank ABN – Brazil took part, to his account with the Bank BPN, for an amount of 915,600.00 €.

9.  The purpose of these proceedings is to find out who is/was the effective beneficiary/beneficiaries of payments made to companies **Chaterella Investors Limited** and to **Flamboyant Sports C.V.** Indeed, there are reasons to suspect that those are "revenue" from Luiz Felipe SCOLARI having been paid as "image rights". Therefore, it is essential, for clarification of the truth, to have access to information, in particular, on the accounting consequences of those payments in the above-referenced companies, and to examine the bank documents related to the above-referenced accounts with the Credit Lyonnais Miami Agency, Banco Bradesco and Banco Santander, both held in Brazil.

If these facts are confirmed, **Luís Filipe SCOLARI**'s conduct shall be likely to correspond, in **concurrence of offences** under section 30 (1) of the Portuguese Criminal Code, to the following **criminal offences**:

**Aggravated tax fraud**
and
**Money laundering**
contrary to, accordingly, Articles 103 and 104 of the General Regime on Tax Offences and to section 368-A, paragraphs 1-4, of the Criminal Code, offences punishable with custodial penalties from 1 to 5 years (aggravated tax fraud) and 2 to 12 years (money laundering).

\*

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 3 of 12
Date: 17-10-2012

*[signature]*

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

### B – Requested legal steps

We would need to know who was/were the real beneficiary/beneficiaries of payments made in 2003, 2004, 2005, 2006, 2007 + 2008 to companies Chaterella Investors Limited and Flamboyant Sports C.V. as Luiz Felipe SCOLARI's "image rights". Indeed, we suspect they might be part of Luiz Felipe SCOLARI's income having been hidden and, consequently, not declared to the Portuguese Tax Revenue Administration and, therefore, likely to correspond to offences of Aggravated Fraud and Money Laundering contrary to, accordingly, Article 104 of the General Regime of Tax Offences and section 368-A of the Criminal Code.

The US Authorities are therefore requested to implement the following steps:

**1. As regards the above-referenced accounts held with the Credit Lyonnais Miami Agency, seizing the following documents in paper or computer versions:**

a) account held by Chaterella Investors Limited, no. ▮▮▮▮▮▮▮
   - the signature file and other opening of account forms or documents;
   - documents related to the identification of persons authorized to use that account from 2003 till 2008;
   - bank statements from 1.1.2003 till 31.12.2008;
   - documents showing the outflow of funds (debit transactions), in particular cheques, bank transfer documents etc., for amounts higher than 25,000.00 €.

b) account held by Flamboyant Sports C.V., no. ▮▮▮▮:
   - the signature file and other opening of account forms or documents;
   - documents related to the identification of persons authorized to use that account from 2003 till 2008;
   - bank statements from 1.1.2003 till 31.12.2008;
   - documents showing the inflow of funds (credit transactions), in particular deposit documents, bank transfer orders etc., for amounts higher than 25,000.00 €;
   - documents regarding the outflow of funds (debit transactions), in particular cheques, bank transfer documents etc., for amounts higher than 25,000.00.

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 4 of 12
Date: 17-10-2012

*[signature]*

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011 Fax: 213847048

c) account held by Luiz Felipe SCOLARI with no. ▓▓▓▓:
   - the signature file and other opening of account forms or documents;
   - documents related to the identification of persons authorized to use that account from 2003 till 2008;
   - bank statements from 1.1.2003 till 31.12.2008;
   - documents showing the inflow of funds (credit transactions), in particular deposit documents, bank transfer orders etc., for amounts higher than 25,000.00 €;
   - documents regarding the outflow of funds (debit transactions), in particular cheques, bank transfer documents etc., for amounts higher than 25,000.00.

d) account held by Leonardo SCOLARI with no. ▓▓▓▓:
   - the signature file and other opening of account forms or documents;
   - documents related to the identification of persons authorized to use that account from 2003 till 2008;
   - bank statements from 1.1.2003 till 31.12.2008;
   - documents showing the inflow of funds (credit transactions), in particular deposit documents, bank transfer orders etc., for amounts higher than 25,000.00 €;
   - documents showing the outflow of funds (debit transactions), in particular cheques, bank transfer documents etc., for amounts higher than 25,000.00.

e) **if available, getting the identification of accounts held with the Credit Lyonnais Miami Agency by Chaterella Holdings Limited, as well as seizing documents in paper or computer versions indicated below:**
   - the signature file and other opening of account forms or documents;
   - documents related to the identification of persons authorized to use that account from 2003 till 2008;
   - bank statements from 1.1.2003 till 31.12.2008;
   - documents showing the inflow of funds (credit transactions), in particular deposit documents, bank transfer orders etc., for amounts higher than 25,000.00 €;
   - documents showing the outflow of funds (debit transactions), in particular cheques, bank transfer documents etc., for amounts higher than 25,000.00.

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 5 of 12
Date: 17-10-2012

*Eva Bacelar*
EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

2.  Seizing any other documents related to the above-referenced bank accounts as found relevant for clarification of this case. In addition, finding out whether any preliminary instructions were given to a specific person, i.e. to Mr. Emílio VOLZ, on procedures to be implemented in the case of inflow of funds or of other transactions made through account no. ▆▆▆ whose beneficiary was the company Chaterella Investors Limited and, if that is the case, their listing.

\*

**C.  Attached documents**

Enclosed please find a certified true copy of the relevant Portuguese legislation:

a) sections 30 (1) and 368-A of the Criminal Code (Decree-Law no. 400/82 of September 3rd 1982 – having adopted the Criminal Code – as amended by Law no. 6/84 of May 11, 1984, by Decree-Laws 132/93 of April 23rd, 1993, 48/95 of March 15, 1995 and by Law no. 65/98 of September 2nd, 1998).
b) Article 104 of the General Regime on Tax Offences; and
c) Fls. 217-221 of Vol. I of the Investigation files.

If you have any information requests, do not hesitate to contact:

Mr. João RAMOS, Public Prosecutor – email: joao.ramos@pgr.pt – phone no.: (351) 21.384.70.70 – facsimile: (351) 21.384.70.48.

Lisbon, October 8, 2012

Yours sincerely,

The Public Prosecutor – signature over official seal: João RAMOS.

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 6 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

TRANSLATION
Original in Portuguese

PGR: Proc.º 2653/2012 – L.º CIMP
Received: 15.10.12
Translated: 16.10.12

PROSECUTOR GENERAL'S OFFFICE
*CENTRAL DEPARTMENT OF CRIMINAL INVESTIGATION
AND PROSECUTION*
Single Section
Rua Alexandre Herculano, 60
P – 1250-012 Lisboa
PORTUGAL

## AFFIDAVIT

I, undersigned, Carlos Fernando FERREIRA, Assistant Clerk on duty at the Central Department of Criminal Investigation and Prosecution,

Certify that this Department is leading an investigation (no. 2/09.1IFLSB).

I also certify that the attached copies (9 pages) fully correspond to:

- <u>sections 30 and 368-A of the Criminal Code</u> (adopted by Decree-Law no. 400/82 of September 23rd, 1982 and amended by Law no. 6/84 of May 11, 1984, by Decree-Laws 101-A/88 of March 26, 1988, 132/93 of April 23rd, 1993 and 48/95 of March 15, 1995, by Laws nos. 90/97 of July 30, 1997, 65/98 of September 2nd, 1998, 7/2000 of May 27, 2001 77/2001 of July 13. 2001, 97/2001, 98/2001, 99/2001 and 100/2001 of August 25, 2001, and 108/2001 of November 28, 2001, by Decree-Laws nos. 323/2001 of December 17, 2001, and 38/2003 of March 8, 2003, by Laws nos. 52/2003 of August 22nd, 2003, and 100/2003 of November 15, 2003, by Decree-Law no. 53/2004, of March 18, 2004, and by Laws nos. 11/2004 of March 27, 2004, 31/2004 of July 22nd, 2004, 5/2006 of February 23rd,

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 7 of 12
Date: 17-10-2012

*[signature]*

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

2006, 16/2007 of April 17, 2007, 59/2007 of September 4, 2007, 61/2008 of October 31, 2008 and 32/10 of September 2nd, 2010).

- <u>Articles 103 and 104 of the General Regime on Tax Offences</u> (adopted by Law no. 15/2001 of June 5, 2001);

- Fls. 217-221 of the above-referenced Investigation files.

I have personally numbered, signed and certified those documents with the official seal of this Department.

This set of certified documents will be attached to the Assistance Request to be addressed to the legal authorities of the United States of America.

Lisbon, October 9, 2012

The Assistant Clerk

(Signature over official seal: Carlos FERREIRA).

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 8 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011   Fax: 213847048

## PORTUGUESE CRIMINAL CODE

### Article 30
### Concurrence of crimes and continuous crime

1. The number of crimes is determined by the number of types of crimes effectively committed, or by the number of times that the same type of crime is fulfilled by the perpetrator's conduct.

2. The multiple accomplishment of the same type of crime or of several types of crimes that fundamentally protect the same legal asset constitutes only one continuous crime, when performed in an essentially homogenous way and under the solicitation of the same external situation that considerably diminishes the perpetrator's culpability.

### Section 368-A
### Laundering

1. For the purposes of paragraphs below, the term "benefit(s)" applies to assets deriving from the perpetration, by any means of copartnership, of unlawful acts that are typical of incitement to prostitution, sexual abuse of children or dependent minors, extortion, trafficking in narcotic drugs and psychotropic substances, trafficking in weapons, trafficking in human organs or tissues, trafficking in protected species, tax fraud, trafficking of influence (influence peddling), corruption, and any other offences referred to in Article 1 (1) of Law No. 36/94 of 29 September 1994; it also applies to typical unlawful acts punishable by a minimum penalty of more than 6 months' imprisonment or a maximum penalty of more than 5 years' imprisonment, as well as to assets that are obtained thereby.

2. Any person who directly or indirectly converts, transfers, assists in or facilitates any conversion or transfer operations of benefits obtained by himself or by a third party, in order either to dissimulate their illicit origin, or to assist the perpetrator or any person participating in such offences in eluding the legal consequences of his/her behaviour or in avoiding his/her prosecution, shall be liable to imprisonment for a term of 2 to 12 years.

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 9 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

3. Any person who conceals or dissimulates the true nature, origin, whereabouts, layout, flow or entitlement to such benefits or to any inherent rights, shall be liable to the same penalty.

4. The punishment for offences provided for by paragraphs 2 and 3 above shall be imposed even where the facts corresponding to the underlying offence have been committed outside the national territory, or even though the place of perpetration or the identity of the perpetrators are unknown.

5. The act shall not be punishable where the criminal proceedings related to the typical unlawful acts that have caused the benefits depend upon a complaint and the latter has not been filed in due time.

6. The penalty provided for by paragraphs 2 and 3 above shall be increased by one third if the perpetrator performs the acts on a regular basis.

7. Where the damages caused by the offence having caused the benefits have been fully redressed before the beginning of the first instance trial, without any unlawful consequences to third parties, the penalty shall be specially mitigated.

8. Where the requirements of paragraph 7 above are met, the penalty may be specially mitigated if the damage has been partly compensated.

9. The penalty may be specially mitigated if the perpetrator effectively assists in gathering evidence that may be decisive to the identification or apprehension of the person(s) responsible for the perpetration of the unlawful acts having caused the benefits.

10. The penalty imposed according to paragraphs above shall not exceed the upper limit of the highest penalty from those provided for the unlawful acts having caused the benefits.

---

Translated and signed by Eva Bacelar -- Assessora Principal
Prosecutor General's Office - Portugal

Page 10 of 12
Date: 17-10-2012

*[signature]*
EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011  Fax: 213847048

## GENERAL REGIME FOR TAX OFFENCES

### CHAPTER III
### Tax frauds

### Article 103
### Fraud

1 - Any unlawful acts covered by this Article aiming at the non-declaration, non-delivery or non-payment of a tax debt or at the undue benefit from tax exemptions, reimbursements or other patrimonial benefits likely to reduce tax revenue are deemed to be tax frauds punishable with imprisonment up to three years or with a fine up to 360 days. The tax fraud may consist of:

   a) hiding or changing facts or amounts that are supposed to appear on account or register books, declarations filed or made so that the tax administration specifically controls, determines, evaluates or monitors tax rates;
   b) hiding facts or amounts not having been declared that are supposed to be revealed to the tax administration;
   c) carrying out a simulated business as regards the value or the nature, by interposition, omission or substitution of persons.

2 - Facts provided for above are not punishable if the unlawful patrimonial advantage is lower than € 15,000.

3 - For the purposes of the provisions above, values to be taken in consideration are those which, under the applicable law, should appear on every tax declaration to be submitted to the tax administration.

---

Translated and signed by Eva Bacelar -- Assessora Principal
Prosecutor General's Office - Portugal

Page 11 of 12
Date: 17-10-2012

EVA BACELAR
TRADUTORA

PROCURADORIA-GERAL DA REPÚBLICA



**Departamento Central de Investigação e Acção Penal**
Rua Alexandre Herculano, 60 - 1250-012 Lisboa
Telef: 213847011   Fax: 213847048

### Article 104
### Aggravated fraud

1. Facts provided for by Article 103 are punishable with a custodial penalty from one to five years in the case of individual persons and with a fine from 240 to 1200 days in the case of legal persons, where more than one of the following circumstances takes place:

   a) the perpetrator has agreed to act in a specific way with third parties submitted to accessory obligations for the purposes of tax control;
   b) the perpetrator is a public official and has gravely abused his powers;
   c) the perpetrator has been helped by a public official gravely abusing his powers;
   d) the perpetrator falsifies or counterfeits, hides, destroys, renders useless or refuses to provide, exhibit or present any books, software or computer files and/or any other documents or evidence required by tax law;
   e) the perpetrator uses the books or other data referred above while knowing that they are counterfeit or falsified by a third party;
   f) the perpetrator accepted the cooperation of individual or legal persons residing outside Portuguese territory and submitted to a more favourable tax system in that country;
   g) the perpetrator has been assisted by third parties with whom he/she has a special relationship.

2. The same penalty shall apply where the fraud is committed by using invoices or similar documents through non-existent operations or by different values, or else with the intervention of persons or entities other than those of the underlying operation.

3. Facts described in paragraph 1, subparagraphs d) and e) above for the purposes of Article 103 (1) are not punished separately, except where a higher penalty applies.

\*

*Last 5 pages: Contract between NIKE European Operations Netherlands B.V. and others regarding the image and endorsement rights of Luis Felipe Scolari (in English). – T.N.*

---

Translated and signed by Eva Bacelar – Assessora Principal
Prosecutor General's Office - Portugal

Page 12 of 12
Date: 17-10-2012

*Eva Bacelar*
EVA BACELAR
TRADUTORA